UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

Karen Mitchell, *on behalf of herself and others similarly situated,*

    Plaintiff,

v.

LendingClub Corporation,

    Defendant.

Civil Action No.:

Jury Trial Demanded

## CLASS ACTION COMPLAINT

### Nature of this Action

1. Karen Mitchell ("Plaintiff") brings this class action against LendingClub Corporation ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*   \*   \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to send non-emergency text

messages to numbers assigned to a cellular telephone service, without prior express consent.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Plaintiff resides in this district, a portion of the events giving rise to this action occurred in this district, and where Defendant transacts business in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Centerville, Tennessee.

7. Defendant is "the world's largest online credit marketplace, facilitating personal loans, business loans, and financing for elective medical procedures,"[1] headquartered in San Francisco, California.

## Factual Allegations

8. Sometime in late 2014, Plaintiff obtained a new cellular telephone number—███████.

9. Shortly thereafter, she began to receive telephone calls and text messages intended for a person other than her.

10. On November 24, 2015, December 16, 2015, December 23, 2015, February 8, 2016, March 23, 2016, April 10, 2016, and April 20, 2016, Plaintiff received a text message from Defendant that read:

---

[1] https://www.lendingclub.com/public/about-us.action (last visited June 9, 2016).

2
Case 1:16-cv-00053   Document 1   Filed 07/08/16   Page 2 of 9 PageID #: 2

Congratulations your loan application has been approved & today you are qualified to get the loan up to $10000. You need to call this hotline number 408-260-5553 or you can text us back. Thank you. Lending club.[2]

11.     On January 7, 2016, January 28, 2016, February 12, 2016, March 31, 2016, April 13, 2016, and April 18, 2016, Plaintiff received a text message from Defendant that read:

Congratulations your loan application has been approved & today you are qualified to get the loan up to $10000. You need to call this hotline number 415-343-7703 or you can text us back. Thank you. Lending club.

12.     On February 5, 2016 Plaintiff received a text message from Defendant that read:

Congratulations your loan application has been approved & today you are qualified to get the loan up to $10000. You need to call this hotline number 408-260-5555 or you can text us back. Thank you. Lending club.

13.     Upon information and good faith belief, Defendant sent additional text messages to Plaintiff's cellular telephone number on dates not specifically identified herein.

14.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the text messages at issue, Defendant sent them by using an automatic telephone dialing system.

15.     Upon information and good faith belief, Defendant sent the text messages at issue for non-emergency purposes.

16.     Upon information and good faith belief, Defendant sent the text messages at issue voluntarily.

17.     Upon information and good faith belief, Defendant sent the text messages at issue under its own free will.

18.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to send the text messages at issue.

---

[2]     Given that Plaintiff copied, by hand, the text messages quoted herein, capitalization and punctuation may not be exact.

3

19. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to send the text messages at issue.

20. Plaintiff neither has, nor had, a business relationship with Defendant.

21. Plaintiff did not provide Defendant with her cellular telephone number.

22. Plaintiff did not give Defendant prior express consent to send text messages to her cellular telephone number by using an automated telephone dialing system.

23. Defendant's website references offers like those that Plaintiff received by way of the text messages at issue:

> We use information provided by credit bureaus, including credit score, outstanding debt, payment history, and recent credit activity, to identify potential borrowers, and send pre-approved loan offers based on those criteria.
>
> Because several weeks pass between the pre-screening process and the application, when you respond to a pre-approved offer, it's important that you continue to meet the credit criteria that the offer was based on.[3]

24. Defendant's "Terms of Use" state:

> CUSTOMER COMMUNICATIONS: By accepting these Terms of Use, you expressly consent to be contacted by us, our agents, representatives, affiliates, or anyone calling on our behalf for any and all purposes, at any telephone number, or physical or electronic address you provide or at which you may be reached. You agree we may contact you in any way, including SMS messages (including text messages), calls using prerecorded messages or artificial mess voice, and calls and messages delivered using auto telephone dialing system or an automatic texting system. Automated messages may be played when the telephone is answered, whether by you or someone else. In the event that an agent or representative calls, he or she may also leave a message on your answering machine, voice mail, or send one via text.
>
> You consent to receive SMS messages (including text messages), calls and messages (including prerecorded and artificial voice and autodialed) from us, our agents, representatives, affiliates or anyone calling on our behalf at the specific number(s) you have provided to us, or numbers we can reasonably associate with your account (through skip trace, caller ID capture or other means), with information or questions about your application, loan and/or account. You certify,

---

[3] https://help.lendingclub.com/hc/en-us/articles/213807268-Why-was-I-declined-for-a-loan-after-receiving-a-pre-approved-offer-in-the-mail- (last visited June 9, 2016).

warrant and represent that the telephone numbers that you have provided to us are your numbers and not someone else's. You represent that you are permitted to receive calls at each of the telephone numbers you have provided to us. You agree to alert us whenever you stop using a particular telephone number.

TELEMARKETING CALLS: If you have provided consent for telemarketing calls, you agree that (i) we, our agents, representatives, affiliates, third parties, and anyone calling on our behalf may call, email or SMS messages (including text messages) you at the numbers and addresses you have provided for purposes of describing goods and services that may be of interest to you, offered by us, our affiliates and/or third parties; (ii) agree these calls, text and email messages may be made using an automatic dialing or email system technology and/or involve prerecorded and/or artificial voice messaging. Your consent, if provided, will be effective even if the number you have provided is registered on any state or federal DoNotCall (DNC) list. This consent for telemarketing calls shall remain in effect until you revoke it. Your consent to telemarketing calls may be revoked by informing the telemarketing representative, or any other method, which ensures we receive the revocation.[4]

25. Plaintiff suffered actual harm as a result the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

26. As well, the text messages at issue depleted or consumed, directly or indirectly, text messages and data for which she paid a third party.

27. Upon information and good faith belief, Defendant maintains business records that show all text messages it sent to Plaintiff's cellular telephone number.

28. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to send text messages to telephone numbers assigned to cellular telephone service providers.

**Class Action Allegations**

29. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as representatives of the following class:

All persons and entities throughout the United States (1) to whom LendingClub Corporation sent, or caused to be sent, text messages, (2) directed to a number

---

[4] https://www.lendingclub.com/info/terms-of-use.action (last visited June 9, 2016)

5

assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the texted party was not the intended recipient.

30. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

31. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

32. The exact number of the members of the class is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

33. The members of the class are ascertainable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and by third parties.

34. Plaintiff's claims are typical of the claims of the members of the class.

35. As it did for all members of the class, Defendant used an automatic telephone dialing system to send text messages to Plaintiff's cellular telephone number, without prior express consent.

36. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant.

37. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

38. Plaintiff has suffered the same injuries as each of the members of the class.

39. Plaintiff will fairly and adequately protect the interests of the members of the class.

40. Plaintiff interests in this matter are not directly or irrevocably antagonistic to the

interests of the members of the class.

41. Plaintiff will vigorously pursue the claims of the members of the class.

42. Plaintiff has retained counsel experienced and competent in class action litigation.

43. Plaintiff's counsel will vigorously pursue this matter.

44. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

45. The questions of law and fact common to the members of the class predominate over questions that may affect individual class members.

46. Issues of law and fact common to all class members are:

   a. Defendant's violations of the TCPA;

   b. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

   c. The availability of statutory penalties.

47. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

48. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

49. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

50. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

51. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

52. The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

53. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

54. There will be little difficulty in the management of this action as a class action.

55. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

56. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-55.

57. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to send text messages to Plaintiff's cellular telephone number, without her consent.

58. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class she seeks to represent are entitled to damages in an amount to be proven at trial.

**Trial by Jury**

59. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

8
Case 1:16-cv-00053   Document 1   Filed 07/08/16   Page 8 of 9 PageID #: 8

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under to Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Dated: July 8, 2016                    Respectfully submitted,

/s/ Paul Guibao
Paul Guibao
Guibao Law Office
1448 Madison Avenue
Memphis, Tennessee 38104
(901) 274-5400
(901) 274-5111 (fax)
pguibao@gmail.com

Aaron D. Radbil (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
(512) 322-3912
(561) 961-5684 (Fax)
aradbil@gdrlawfirm.com